FILED
2020 NOV 2
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MAX BATEMAN and CONNIE BATEMAN, <br><br> Plaintiffs, <br> v. <br><br> ALPINE MANAGEMENT AND CONSULTING, LLC; et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME AND DISMISSING CASE <br><br> Case No. 1:18-CV-94 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

On July 31, 2018, Plaintiffs filed this action against Defendants asserting medical malpractice.[1] (ECF No. 2-2.) On August 31, 2020, the court entered an order requiring the parties to provide an update on the status of the case within 14 days. (ECF No. 57.) Receiving no response, the court then entered an Order to Show Cause directing Plaintiffs to provide the court with their intentions for proceeding with this case within 21 days from October 2, 2020. The court warned Plaintiffs that a failure to respond would result in dismissal of this case for a failure to prosecute. (ECF No. 58.) On October 30, 2020, after the response deadline, Plaintiffs filed another Motion for Extension of Time. (ECF No. 59.) The court will deny the extension of time and dismiss this case.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). In addition, courts have inherent authority to clear their "calendars of cases that have remained dormant

---

[1] The parties consented to the jurisdiction of the undersigned in accordance with 28 U.S.C. 636(c). (ECF No. 11.)

because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). As explained by the Tenth Circuit, dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988). This court's local rules also provide that "if good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Generally, "a district court may, without abusing its discretion, enter a [Rule 41(b) dismissal without prejudice] absent attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007).

On October 30, 2020, after missing multiple court deadlines and receiving three extensions of time totaling over 180 days, Plaintiffs filed another Motion for Extension of Time. (ECF No. 59.) Plaintiffs seek an undefined extension of time for "2 professional witnesses" that will testify in this case. Plaintiffs offer no support for their motion, provide no reasons for the delay, and do not address the court's Order to Show Cause. The court finds there is no basis to grant yet another extension of time.

In sum, the court finds Plaintiffs have failed to prosecute their case, failed to comply with the court's orders, and have failed to demonstrate good cause why this matter should not be dismissed for failure to prosecute. Thus, this matter is dismissed under Federal Rule of Procedure 41(b) and Local Rule 41-2. The dismissal is without prejudice.

Accordingly, it is ordered that:

Plaintiffs Motion for Extension of time is DENIED. (ECF No. 59.)

Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and DUCivR 41-2 based on Plaintiffs' failure to prosecute, comply with court orders, and failure to show cause why the claims should not be dismissed.

The Clerk of the Court is directed to close this case and each party is to bear their own costs.

DATED this 2 November 2020.

_____
Dustin B. Pead
United States Magistrate Judge

3