IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MAX BATEMAN and CONNIE BATEMAN,<br><br>Plaintiffs,<br>v.<br><br>ALPINE MANAGEMENT AND CONSULTING, LLC; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR HEARING<br><br>Case No. 1:18-CV-94 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

On November 2, 2020, the court dismissed this case without prejudice. (ECF No. 60.) Plaintiffs request a hearing with the court concerning medical bills. (ECF No. 63.) "After a motion to dismiss has been granted, plaintiffs must first reopen the case pursuant to a motion under Rule 59(e) or Rule 60(b) …." *Glenn v. First Nat'l Bank in Grand Junction,* 868 F.2d 368, 371 (10th Cir. 1989). Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the court "may relieve a party ... from a final judgment, order, or proceeding" where the party shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60.

Whether excusable neglect exists is "'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Jennings v. Rivers,* 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Services Co. v. Bunswick Ass'n Ltd. P'ship,* 507 U.S. 380, 395 (1993)). To find excusable neglect, courts weigh a number of factors, including: "'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

control of the movant, and whether the movant acted in good faith.'" *Id.* (citations omitted). None of these factors weigh in favor of reopening this case.

Construing Plaintiffs' pro se motion for a hearing liberally, it provides no basis to reopen the case. It is therefore ORDERED that Plaintiffs' motion is DENIED.

DATED this 16 December 2020.

_____
Dustin B. Pead
United States Magistrate Judge